**In the Matter of Beverly LEEBL.**

**No. C3-84-941.**

Court of Appeals of Minnesota.

July 31, 1984.

Nancy Olkon, Minneapolis, for Leebl.

Thomas Johnson, Hennepin County Atty., John Owen, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Beverly Leebl appeals from an April 30, 1984 order for commitment to Anoka State Hospital. We affirm.

## FACTS

Leebl, a 55-year-old woman with a history of treatment for mental illness, has lived with her parents since February 1984. Her mental health has deteriorated because she does not regularly take the psychotropic medications prescribed to control her mental illness. As her condition worsens she neglects to use a toilet in the home, soiling herself, clothing and bedding. Leebl claims that family members are impostors; that her food, jewelry and cosmetics are being poisoned; that her bodily wastes are turned into clothing; that her psychotropic medications are outlawed and being obtained from a veterinary supplier in Germany, and that President Carter and various television actors know her. The municipal court filed a petition for commitment and a hearing was held on April 30, 1984. The court found that Leebl suffered from paranoid schizophrenia and ordered her commitment to Anoka State Hospital.

## ISSUE

Did the trial court properly commit Leebl to Anoka State Hospital?

## ANALYSIS

 To order commitment a trial court must find by clear and convincing evidence that:

1. The proposed patient has a substantial psychiatric disorder;

2. The condition poses danger of harm to the proposed patient or others, evident from recent harmful conduct or failure to care for oneself, and

3. There is no suitable alternative to judicial commitment.

Minn.Stat. § 253B.02(13) (Supp.1983) and § 253B.09(1) (1982). Commitment to a state hospital requires a record that a less restrictive facility cannot meet the patient's treatment needs. Minn.Stat. § 253B.09.

We must accept the findings of the court if they are reasonably reached from the evidence, viewing the evidence most favorably for petitioner, but having due regard for the requirement of clear and convincing evidence. *See* Minn.Stat. § 253B.09(1) (1982).

The trial court concluded that Leebl suffered from paranoid schizophrenia. This conclusion is adequately supported by the diagnosis of the court-appointed examiner, the report of psychologist Caryl Boehnert, the records of the Hennepin County Medical Center, the testimony of clinical nursing specialist Joanell Boevers, and the testimony of Leebl's niece.

The trial court found Leebl's condition poses a danger of harm to herself. This finding is adequately supported by evidence Leebl refused to take her prescribed medications, refused other treatment, and refused use of bathroom facilities.

The trial court rejected alternatives less restrictive than involuntary commitment to Anoka State Hospital because Leebl lacked "the competency to enter into a therapeutic contract" and because she "would not participate in necessary treatment reliably." The court-appointed examiner recommended involuntary commitment to Anoka State Hospital if Leebl refused

medications and was not generally compliant with medical treatment. At trial, Leebl testified that she saw no need for medications or treatment and that she planned to leave town as soon as she was released. There was clear and convincing evidence to support the trial court's order for commitment to Anoka State Hospital.

## DECISION

Beverly Leebl was shown to suffer from paranoid schizophrenia, to require involuntary commitment, and to be resistant to a less restrictive treatment alternative.

Affirmed.